*E-Filed 9/8/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD SMITH, | No. C 10-0195 RS (PR) |
| Petitioner, | **ORDER STAYING PETITION** |
| v. | |
| M. D. MACDONALD, et al, | |
| Respondents. | |

This is a federal habeas corpus action filed by a *pro se* federal prisoner pursuant to 28 U.S.C. § 2254.  In response to a Court order, petitioner moves for a stay of the federal habeas proceedings (Docket No. 10) until he has exhausted his unexhausted claims.

A district court may stay a mixed habeas petition, i.e., a petition containing both exhausted and unexhausted claims, to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court.  *See Rhines v. Webber*, 544 U.S. 269, 277–78 (2005).  In *Rhines*, the Supreme Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his

claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* If the stay is granted, the petitioner does not have to worry that his newly-exhausted claims will be barred by the statute of limitations because those claims remain pending in federal court. *King v. Ryan*, 564 F.3d 1133, 1139, 1140. (9th Cir. 2009).

By contrast, where a petitioner deletes his unexhausted claims and seeks a stay of a fully-exhausted petition while he returns to state court to exhaust the unexhausted claims, no showing of good cause is required to stay the petition. *Id.* Once the claims are exhausted, however, the petitioner must amend his petition to add the newly-exhausted claims; importantly, such amendment must take place within the one-year statute of limitation set forth at 28 U.S.C. § 2244(d)(1), or the newly-exhausted claims will be dismissed as untimely. *Id.* at 1140–41.

Petitioner having provided sufficient grounds for *Rhines* stay, the motion is GRANTED. Accordingly, petitioner does not have to worry that his newly-exhausted claim will be barred by the statute of limitations because that claim remains pending in federal court. *See King v. Ryan*, 564 F.3d 1133, 1139, 1140. (9th Cir. 2009). The above-titled action is hereby STAYED until petitioner exhausts the unexhausted claim and, provided petitioner, within thirty (30) days of exhausting said claim, moves to reopen this action and lift the stay, for such additional period of time and until the Court thereafter orders the stay lifted.

The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

The order terminates Docket No. 10.

**IT IS SO ORDERED**.

DATED: September 8, 2010

_____
RICHARD SEEBORG
United States District Judge