*E-Filed 6/23/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

EDWARD SMITH,

    Petitioner,

    v.

M.D. MCDONALD,

    Respondent.

No. C 10-0195 RS (PR)

**SECOND ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. The amended petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent shall file a response to the operative petition on or before October 1, 2015, unless an extension is granted.

The petition may be untimely. Petitioner was convicted in 2006 and filed the instant action in 2010. Respondent is directed to consider whether a motion to dismiss on grounds of untimeliness is appropriate. If he concludes that the petition is untimely, he may file a motion to dismiss on such grounds, though he is not required to do so.

## BACKGROUND

According to the petition, in 2006 an Alameda County Superior Court jury convicted petitioner of second degree murder and the possession of a firearm by a felon. He was sentenced to 60 years to life in state prison. Petitioner sought, and was denied, relief on

1 direct state review.

2 In 2010, petitioner filed his first federal habeas petition, in response to which the Court issued an order to show cause to respondent. Respondent filed a motion to dismiss on grounds that petitioner failed to exhaust some of his claims. The Court stayed the action so that petitioner could. Once his claims were exhausted, the action was reopened, and petitioner filed an amended petition (Docket No. 18), which is the operative petition in this action.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that defense counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment in various ways described in the amended petition. Liberally construed, these claims appear to be cognizable in a federal habeas action.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the operative petition (Docket No. 18) and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

Case 3:10-cv-00195-RS   Document 19   Filed 06/23/15   Page 3 of 3

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

DATED: June 23, 2015

RICHARD SEEBORG
United States District Judge