United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

EDWARD SMITH,

      Petitioner,

  v.

M.D. MCDONALD,

      Respondent.

                                   /

No. C 10-0195 RS (PR)

**ORDER REOPENING ACTION;**

**ORDER TO SHOW CAUSE**

### INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. The original petition for such relief was dismissed because petitioner failed to file an amended petition. He since has filed one. Accordingly, the action is REOPENED. The Clerk is directed to amend the docket accordingly. The judgment (Docket No. 30) and the order of dismissal (Docket No. 29) are VACATED.

The second amended petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent shall file a response to the operative petition on or before August 29, 2016, unless an extension is granted.

The petition may be untimely. Petitioner was convicted in 2006 and filed the instant action in 2010. Respondent is directed to consider whether a motion to dismiss on grounds of untimeliness is appropriate. If he concludes that the petition is untimely, he may file a motion to dismiss on such grounds, though he is not required to do so.

## BACKGROUND

According to the petition, in 2006 an Alameda County Superior Court jury convicted petitioner of second degree murder and the possession of a firearm by a felon. He was sentenced to 60 years to life in state prison. Petitioner sought, and was denied, relief on direct state review.

In 2010, petitioner instituted this federal habeas action. The Court issued an order to show cause to respondent (Docket No. 4), who filed a motion to dismiss on grounds that petitioner failed to exhaust some of his claims (Docket No. 6). The motion was granted and the Court stayed the action so that petitioner could exhaust his claims (Docket No. 11). In 2014, the Court dissolved the stay upon a motion by petitioner, who thereafter filed an amended petition (Docket No. 18). Respondent moved to dismiss the new petition for failing to exhaust judicial remedies. The Court dismissed the petition with leave to amend (Docket No. 25). When petitioner failed to file by the deadline, the action was dismissed (Docket No. 29). Petitioner since has filed a second amended petition, which the Court will now review.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See*

*Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims (1) the prosecutor committed misconduct; (2) the trial court violated his rights in various ways; (3) defense counsel rendered ineffective assistance; and (4) there was cumulative error.  When liberally construed, these claims appear to be cognizable in a federal habeas action.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

DATED: May 23, 2016

_____
RICHARD SEEBORG
United States District Judge